# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| G&P Trucking Co., Inc., ) | |
| ) | Civil Action No.: 3:14-cv-501-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Zurich American Insurance Company, as ) | |
| subrogee of SKF USA, Inc.; SKF USA, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) filed by Defendants SKF USA, Inc. ("SKF") and Zurich American Insurance Company ("Zurich") on September 15, 2015. ECF No. 65. Plaintiff G&P Trucking, Inc. ("G&P") filed a response in opposition on October 15, 2015. ECF No. 69.

### I.  Factual and Procedural Background

On February 24, 2014, G&P, a South Carolina shipping corporation, filed this action to determine whether it had any liability for goods that were allegedly damaged in transit during a trucking accident, and, if so, what amount it owed in damages to the purchaser, SFK, or SFK's insurer, Zurich. ECF No. 1. On January 14, 2015, G&P moved the court for summary judgment, asking the court to find that it had no liability under the "Ocean or Combined Transport Waybill," ECF Nos. 20-3 & 26-5 (hereinafter the "Bill of Lading"), or, alternatively, that its liability was limited to $50.00 by the terms of the Delivery Order, ECF Nos. 20-6 & 26-3, or $500.00 by the Carriage of Goods by Sea Act ("COGSA"), Note following 46 U.S.C. § 30701. ECF No. 20. On March 2, 2015, SKF and Zurich ("Defendants") also moved for summary judgment on the issue of liability, asking the court to hold that the Carmack Amendment, 49

U.S.C. § 14706, applied instead of COGSA and that G&P had not presented evidence of a viable limitation of liability.[1] ECF No. 26. G&P filed a consolidated response in opposition to Defendants' motion and reply on April 2, 2015. ECF No. 33.

On April 14, 2015, the court held a hearing on the summary judgment motions. ECF No. 36. Subsequently, on May 6, 2015, the court requested supplemental briefing from the parties on the issue of the condition of the goods when they were delivered to G&P in Savannah, Georgia, prior to transit by truck. ECF No. 43. The parties completed this briefing by May 18, 2015. ECF Nos. 45 & 46. On June 19, 2015, the court issued an order that noted the parties' disagreement about the applicable law—COGSA or the Carmack Amendment— and observed that whether the Bill of Lading is a through bill determines whether COGSA or the Carmack Amendment applies. ECF No. 49. Additionally, the court held the through bill of lading question to be a question of fact resolvable by the court as an exercise of the court's admiralty jurisdiction. *Id.* However, before deciding, the court needed additional evidence on the through bill of lading issue. Therefore, on July 29, 2015, the court held an evidentiary hearing to further examine this issue. ECF No. 57.

On August 19, 2015, after considering the record as a whole, including exhibits, depositions, and witness testimony, the court issued an Opinion and Order ruling that the Bill of Lading is a through bill of lading, that COGSA governs the shipment at issue in this case, and that G&P's liability is limited by a valid Himalaya clause in the Bill of Lading. ECF No. 61. Consequently, the court granted G&P's motion for summary judgment and denied Defendants' motion for summary judgment.[2] *Id.*

---

[1] Defendants' motion for summary judgment also served as a response in opposition to G&P's motion for summary judgment. ECF No. 27.

[2] The court also denied as moot G&P's motion in limine (ECF No. 35).

## II.  Legal Standard

*A.  Rule 59(e) Standard*

Rule 59 motions must not "be made lightly" because "[r]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Crossman Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co.*, No. Civ. A. 4:09-1379, 2014 WL 108316 at *1 (D.S.C. Jan 8. 2014) (quoting *Nelson v. Sam's Club*, No. 4:10-3020-RBH, 2011 WL 2559548 at *1 (D.S.C. June 28, 2012)); see also *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").  The court may grant relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Pac. Ins. Co.*, 148 F.3d at 403.

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). "Manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'"  *Quinton v. Toyota Motor Corp.*, No. CIV. A. 1:10-02187, 2014 WL 526332 at *2 (D.S.C. Feb. 7, 2014) (quoting *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)).

A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement" with the court's order to succeed on a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). A Rule 59(e) motion is not a proper forum to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 1998).[3]

*B. Summary Judgment Standard*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49, (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

### III. Discussion

Although Defendants correctly state the standard required for the court to amend its ruling, Defendants do not specifically declare why the court should choose to grant relief in Defendants' favor. Overall, Defendants' arguments suggest that the court must correct a clear

---

[3] The standard for motions pursuant to Rule 59(e) also applies to motions brought pursuant to Rule 52. See *Ridgeway v. Stevenson*, Civ. A. No. 3:10-490, 2011 WL 1466325 at *1 n.1 (D.S.C. Apr. 15, 2011) ("[I]t appears that [the] standard under Rule 52 is identical to the requisite standard under Rule 59(d)") (citing *Wahler v. Countrywide Home Loans, Inc.*, No. 1:05CV349, 2006 WL 3327074, at *1 (W.D.N.C. Nov. 15, 2006)).

error of law or prevent manifest justice. Nevertheless, no such error has occurred and no manifest injustice is present as a result of the court's present ruling.

Defendants' request for reconsideration suggests that Pantainer (H.K.) Limited is the Carrier under the Waybill, that Savannah is the final destination under the Waybill, that G&P cannot avail itself to the limited liability protections under the Pantainer (H.K.) Waybill, and that the parties to the Waybill were Pantainer (H.K.) Limited and SKF Espanola S.A. *See* ECF No. 65 at 2-4. Overall, these suggestions relitigate two essential issues that the court already considered: (1) whether Pantainer (H.K.) Limited issued the Bill of Lading, and (2) whether Savannah was the final destination of the shipment.

In the court's Opinion and Order, the court considered a wealth of information in deciding to reject Defendants' contention that Pantainer (H.K.) Limited issued the Bill of Lading. *See* ECF No. 61. Now, Defendants argue that the Waybill and the Waybill's Terms and Conditions define "Carrier" as "Pantainer (H.K.) Limited." ECF No. 65 at 2. Defendants also note that the parties to the Delivery Order were Panalpina, Inc. and G&P Trucking, while the parties to the Waybill were Pantainer (H.K.) Limited and SKF Espanola S.A. *Id.* at 4. Accordingly, Defendants again contend that the liability for the cargo should be analyzed under the Carmack Amendment. *Id.* These arguments do not indicate that the court clearly erred or caused manifest injustice. In reaching its conclusion, the court relied on internal documents behind the Bill of Lading, which indicate that it was signed by, and therefore issued by, Panalpina Transp. Mundiales S.A. In the court's Opinion and Order, the court also noted that "Panalpina Transp. Mundiales S.A. also appears on the face of the Bill of Lading itself." ECF No. 61 at 11. Furthermore, the court looked to the transcript of Philip Stender ("Stender"), Panalpina's corporate designee, to determine the involvement of Panalpina Bilbao. *Id*. After

considering these factors, in addition to looking at the testimony presented before the court and the arguments of the parties, the court decided that the Bill of Lading was issued by Panalpina Trans. Mundiales S.A. Accordingly, the court has evaluated an abundance of evidence, addressed this issue thoroughly, and decided this issue appropriately. The court will not amend its decision.

Additionally, Defendants request the court to reconsider its determination that Crossville, Tennessee was the final destination of the shipment. In the Opinion and Order, the court explained in detail its interpretation of the Bill of Lading's blank "Place of Delivery" box and G&P's argument to use the "Consignee" as an indication of the final destination of the shipment. ECF No. 61 at 4-5. Furthermore, the court detailed its analysis of Stender's testimony on the issue of the final destination of the shipment. *Id*. at 5-6. In Defendants' Motion to Amend, Defendants merely disagree with the court's interpretation of the same evidence. Without more, the court cannot amend its judgment.

In sum, in the absence of proof that there has been a clear error of law or a manifest injustice, the court cannot amend its conclusion.

### IV. Conclusion

For the reasons stated herein, the Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) filed by Defendants SKF USA, Inc. and Zurich American Insurance Company, ECF No. 65, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
Dated:   December 3, 2015